*3*

**Justin D. Harris #199112**
**HARRIS LAW FIRM, PC**
7110 N. Fresno Street, Suite 400
Fresno, California 93720
Telephone (559) 272-5700
Facsimile (559) 554-9989
E-mail: jdh@harrislawfirm.net

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>PATRICK JAY MCCAULEY & PATRICIA LEE MCCAULEY,<br><br>              Debtors. | Case No. 21-20485-A-12<br><br>Chapter 12<br><br>DC No. HLF-2<br><br>Date: June 28, 2021<br>Time: 1:30 p.m.<br>Dept.: A, 7th Floor, Courtroom 28<br>Judge: Hon. Fredrick E. Clement<br>Place: 501 "I" Street, Sacramento, CA |

**MOTION TO CONVERT BANKRUPTCY CASE FROM CHAPTER 12 TO CHAPTER 11, SUBCHAPTER V**

    Debtors Patrick Jay McCauley and Patricia Lee McCauley ("**Debtors**") move to Convert Bankruptcy Case from Chapter 12 To Chapter 11, Subchapter V (the "**Motion**") as follows:

//

//

//

---

1

## I.

## FACTUAL HISTORY

On February 10, 2021, Debtors filed their Voluntary Petition for Bankruptcy under Chapter 12 of the United States Bankruptcy Code. Most recently at a status conference on May 24, 2021, the Chapter 12 Trustee raised concerns regarding Debtors' eligibility under Chapter 12, specifically as it relates to their "farm income." Rather than litigating that issue, Debtors have instead elected to file this Motion in order to convert their case and proceed under Chapter 11, Subchapter V.

## II.

## LEGAL AUTHORITY

11 U.S.C § 1208 outlines the law regarding the ability for a debtor to convert their bankruptcy case from Chapter 12 to a different chapter. Specifically, § 1208(e) provides "a case may not be converted to a case under *another chapter* of this title unless the debtor may be a debtor under *such chapter*." (emphasis added.) While Section 1208 does not explicitly mention conversion to chapter 11, it does not explicitly prohibit it either. In addressing this very issue, the court in *In re Cardwell* wrote "[b]ut the Court cannot ignore subsection (e) where it specifically refers to conversion of a Chapter 12 case to 'another chapter' of the Code." *In re Cardwell*, No. 17-50307-rlj12, 2018 Bankr. LEXIS 3089, at *5 (Bankr. N.D. Tex. Oct. 3, 2018) Debtors here take the position that they may convert their Chapter 12 case to one under Chapter 11, Subchapter V.

According to 11 U.S.C. § 1182, the eligibility requirements for a debtor under Chapter 11, Subchapter V are that the total debt does not exceed $7,500,000, that debt cannot include money owed to insiders, and not less than 50% of the debt arose from the commercial or business activities of the debtors.

According to the Declaration of Patricia Lee McCauley, Debtors have liabilities that only total $588,659, none of which is owed to insiders, and more than 50% of which is debt from business or commercial activities. Because Debtors otherwise qualify as debtors under Chapter 11 Subchapter V, the Motion should be granted.

## III.
## CONCLUSION

In this case, discretion proved the better part of valor. While Debtors may disagree with the Chapter 12 Trustee regarding their eligibility for relief under Chapter 12, converting their case proved the more cost-effective and prudent approach. For the reasons stated, Debtors request that their Motion be granted and that their case be converted from Chapter 12 to Chapter 11, Subchapter V.

Dated: June 7, 2021.                                HARRIS LAW FIRM, PC

_____
Justin D. Harris, Attorneys for Debtors